**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-62017-DAMIAN/STRAUSS**

**UNITED STATES OF AMERICA**
*ex rel.* **MARK DOYLE,**

     Plaintiff,

v.

**TRINITY HEALTH and**
**HOLY CROSS HOSPITAL, INC.,**

     Defendants.

_____/

## **ORDER**

THIS MATTER came before the Court upon Oberheiden P.C.'s Corrected Expedited Renewed Motion of Oberheiden P.C. to Withdraw as Counsel for Relator Mark Doyle and to Stay or Continue Court Deadlines Pending Substitution of Counsel [DE 120] (the "Motion to Withdraw"). District Judge Melissa Damian has referred the Motion to Withdraw to me for appropriate disposition. *See* [DE 54] at 2-3; [DE 66]. I have reviewed the Motion to Withdraw, Relator's Response [DE 124-1], Defendants' Response [DE 127], and the other pertinent portions of the record. For the reasons stated below, the Motion to Withdraw is **GRANTED IN PART**. Additionally, as described below, the case will be temporarily **STAYED** for **30 days**.

Around a month ago, I denied the prior motion to withdraw filed by Oberheiden P.C. (the "Firm"). [DE 105] at 1. However, upon reviewing the record (including the declaration[1] and

---

[1] *See generally* [DE 125]. In his Response, Relator requests access to (and leave to respond to) the sealed declaration. [DE 124-1] at 3-4. Relator is correct that he is entitled to see the sealed declaration and its exhibits. It is under seal only to protect the attorney-client privilege between Relator and his counsel. Much of the declaration merely summarizes and quotes from email threads between members of the Firm and Relator, which Relator is privy to. Therefore, the Firm should provide a copy of the declaration and supporting exhibits to Relator. Nevertheless, a further

attached exhibits filed under seal), it appears that the attorney-client relationship between the Firm and Relator has substantially degraded in the time since. In addition, a financial conflict of interest has arisen between the Firm and Relator.

This Court incorporates the rules of professional conduct as established by the Florida Supreme Court through the Florida Bar. S.D. Fla. L.R. 11.1(c). Rule 4-1.16 dictates the circumstance under which a lawyer either must withdraw or may withdraw from representing a client. R. Regulating Fla. Bar 4-1.16(a)-(b). For instance, a lawyer *must* withdraw when "the representation will result in violation of the Rules of Professional Conduct or law[.]" R. Regulating Fla. Bar 4-1.16(a)(1). This requirement would mandate withdrawal for certain conflicts of interests that arise under Rule 4-1.7. *See id.* Even where withdrawal is not mandatory, a lawyer *may* withdraw where, for example, "the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement," R. Regulating Fla. Bar 4-1.16(b)(2), "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client," R. Regulating Fla. Bar 4-1.16(b)(4), or "other good cause for withdrawal exists," R. Regulating Fla. Bar 4-1.16(b)(5).

However, regardless of whether a lawyer seeks withdrawal under Rule 4-1.16(a) (mandatory withdrawal) or Rule 4-1.16(b) (permissive withdrawal), the Court has the authority to require a lawyer to continue representation. *See* R. Regulating Fla. Bar 4-1.16(a) ("Except as stated in subdivision (c) . . . ."); R. Regulating Fla. Bar 4-1.16(b) ("Except as stated in subdivision (c) . . . ."); R. Regulating Fla. Bar 4-1.16(c) ("When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.");

---

response from Relator addressing the declaration is not necessary for resolving the Motion to Withdraw and would not affect the rulings in this Order. The Court need not (and will not) referee the disputes between Relator and the Firm.

*Prudential Ins. Co. of Am. v. Anodyne, Inc.*, 365 F. Supp. 2d 1232, 1238 (S.D. Fla. 2005). Indeed, this Court has previously stated that courts seemingly can prevent withdrawal even where there exists an actual conflict of interest between the lawyer and their client. *Prudential*, 365 F. Supp. 2d at 1238 ("[T]he Court appears to be authorized to employ Rule 4-1.16(c) in instances deriving from conflicts under 4-1.7. Considerations other than the mere existence of a conflict of the kind which exists here should be weighed in determining whether to apply Rule 4-1.16(c)."); *Harris Corp. v. Ruckus Wireless, Inc.*, No. 611CV618ORL41KRS, 2015 WL 12835681, at *2 (M.D. Fla. June 10, 2015) (citing *id.*). Even so, the fact that Rule 4-1.16(c) gives a court the final say on withdrawal does not mean that courts have unlimited discretion to deny motions to withdraw. *See Portnoy v. United States*, 811 F. App'x 525, 531-32 (11th Cir. 2020) (reviewing order disposing of motion to withdraw for abuse of discretion).

The circumstances of this case indicate that granting (at least in part) the Motion to Withdraw is appropriate. First, the record—especially as it has developed in the last month—indicates that the relationship between Relator and the Firm has become unworkable. Relator's filing of a *pro se* motion is the most public evidence of the continued deterioration. *See generally* [DE 110]. Though even before he sought to act *pro se* while simultaneously being represented by counsel, Relator had admitted in his response to the prior motion to withdraw that "Relator understands that the attorney-client relationship has broken down . . . ." [DE 96] at 1. The confidential communications submitted under seal only reinforce that reality. *See, e.g.*, [DE 125-10] at 2. Indeed, the sealed communications between Relator and the Firm reflect not just disagreements over strategy and tactics but also include threats by Relator to file complaints with the Florida Bar or make claims of malpractice. *See, e.g.*, [DE 125-8] at 3. These communications illustrate a situation where "the representation . . . has been rendered unreasonably difficult by the

client," R. Regulating Fla. Bar 4-1.16(b)(4), or "other good cause for withdrawal exists," R. Regulating Fla. Bar 4-1.16(b)(5).

Second, a concrete conflict of interest has arisen between Relator and the Firm. As Relator publicly indicated a month ago, he has been "actively engaged with prospective substitute counsel." [DE 96] at 1. But any withdrawal or substitution of counsel creates a financial conflict between Relator and the Firm. Relator had implicitly acknowledged as much in his public response to the prior motion to withdraw. *See, e.g.*, [DE 96] at 3 ("Nothing in this Response should be construed as Relator's agreement to or acknowledgement of any fee entitlement or lien asserted by [the Firm]."). Indeed, Rule 4-1.7, which addresses conflicts of interest with current clients, states that, absent informed consent, "a lawyer must not represent a client if: . . . there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person *or by a personal interest of the lawyer*." R. Regulating Fla. Bar 4-1.7(a)(2) (emphasis added). Conflicts like these are generally imputed to the entire law firm. *See* R. Regulating Fla. Bar 4-1.10(a). It is apparent from the sealed filings that the acrimony over the Firm's potential compensation has not only continued, but worsened, since the Court denied the initial motion to withdraw. *See* [DE 125-10] at 3. Although the Court has been reluctant to allow the Firm to withdraw at this stage of the case, it no longer appears reasonable to require the Firm to continue its representation.

Understandably, from Defendants' point of view, the Firm's request for withdrawal may appear to be a delay tactic, coming (for the second time) on the eve of Relator's deposition. Yet Relator's counsel's representations, supported by the sealed filings and highlighted by Relator's attempt to file a motion for protective order pro se, *see generally* [DE 110], demonstrate genuine

issues that would make requiring Relator's counsel to continue with representation inappropriate under the rules of professional conduct.

Because the Court will grant the Firm's Motion to Withdraw in part, I conclude that a temporary stay of the case, along with the other associated deadlines, is appropriate. Although Relator asks for 45 days to seek new counsel (among other things), *see* [DE 124-1] at 2, I find that 30 days is more appropriate. Based on the representations made regarding the previous motion to withdraw, it appears that Relator has been actively seeking new counsel for more than a month. *See* [DE 96] at 1. The Court must also balance giving Relator sufficient time with avoiding or minimizing prejudice to Defendants, who have expended significant resources engaging in discovery and preparing for the depositions that Relator's motions have now twice delayed. While it is not appropriate to force Relator to proceed with his July 9, 2026 deposition either without counsel or with current counsel (given the breakdown between Relator and current counsel), staying the case and extending deadlines by the even larger period Relator requests is unfair to Defendants.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Motion to Withdraw [DE 120] is **GRANTED IN PART**. The Firm may withdraw as counsel for Relator. However, the Court grants the motion in part because the Court will retain jurisdiction over the Firm with respect to any motion for sanctions that implicates the Firm and Relator. *See* [DE 127] at 8-10. Jurisdiction over the Firm shall be retained until the disposition of any such motion for sanctions.

2.      This case is **STAYED** for **30 days** from the date of this order to provide Relator an opportunity to find new counsel. New counsel must file a notice of appearance by **August 7, 2026**. The Court reminds Relator that he must retain counsel and cannot proceed pro se. *See Timson v.*

*Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Failure of new counsel to enter an appearance by **August 7, 2026**, may be grounds for dismissal of the case for failure to prosecute.

3.     All deadlines listed in my prior order [DE 105] are extended by a corresponding **30 days**. New counsel for Relator will be expected to step into the case and complete discovery by these extended deadlines. In other words, new counsel should not expect to receive any further extension of discovery deadlines. The new deadlines will be as follows:

> **August 26, 2026.** All fact discovery shall be completed.[2]

> **October 28, 2026.** The parties shall exchange any expert witness summaries or reports.

> **November 12, 2026.** The parties shall exchange any rebuttal expert witness summaries or reports.

> **November 25, 2026.** All expert discovery shall be completed.

4.     District Judge Melissa Damian will enter a new scheduling order setting further deadlines in accordance with this order.

5.     The previously scheduled deposition of Relator, which was scheduled for July 9, 2026, shall not go forward during the temporary stay. However, after new counsel for Relator files a notice of appearance, Defendants can re-notice Relator's deposition for a (reasonable) date of their choosing, and Relator will be expected to make himself available for the re-noticed deposition absent extraordinary circumstances.

6.     The Court will defer consideration of the discovery disputes in the parties Joint Discovery Status Report [DE 126] until an appearance by new counsel for Relator.

7.     The Firm shall serve this order on Relator and file a notice of compliance upon doing so. The Firm should separately provide the sealed filings to Relator. Additionally, the Firm

---

[2] The limitations of my prior order still apply. *See* [DE 105] at 2 n.2.

must promptly provide all pertinent case materials to new counsel upon new counsel's filing of a notice of appearance.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of July 2026.

Jared M. Strauss
United States Magistrate Judge