**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-62017-DAMIAN/STRAUSS**

**UNITED STATES OF AMERICA**
***ex rel.* MARK DOYLE,**

Plaintiff,

v.

**TRINITY HEALTH and**
**HOLY CROSS HOSPITAL, INC.,**

Defendants.
______________________________________/

## REPORT AND RECOMMENDATION

THIS MATTER came before the undersigned upon Relator's Response to Order to Show Cause [DE 144] (the "OSC Response"). For the reasons discussed below, I respectfully **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE**, with the Court retaining jurisdiction for the Court to decide Defendants' Motion for Sanctions [DE 140].

## BACKGROUND

On October 28, 2024, Relator filed this *qui tam* action against Defendants on behalf of the United States. *See generally* [DE 1]. Relator's complaint pleads four counts against Defendants for alleged violations of the False Claims Act ("FCA"). *Id.* at 71-76. Later, the United States declined to intervene in the action, leaving Relator to litigate the case—through counsel—on the government's behalf. *See* [DE 17] at 1-2.

However, as the parties neared the end of discovery, Relator's counsel moved to withdraw from representation of Relator. *See* [DE 94] at 6. The Court initially denied the motion to withdraw because the attorney-client relationship, while strained, did not seem to warrant withdrawal. *See* [DE 105] at 1. A month later, Relator's counsel filed another motion to withdraw based on a

degradation of the attorney-client relationship since the Court denied the first motion to withdraw. *See* [DE 120] at 3-6. The Court granted the motion in part. [DE 128] at 1, 5. Among other things, the Court concluded that the attorney-client relationship between Relator and his counsel had become unworkable. *Id.* at 3. The Court thus gave Relator 30 days (i.e., until August 7, 2026) to secure new counsel. *Id.* at 5-6. The Court determined that 30 days was an appropriate amount of time since Relator had been actively seeking counsel for over a month. *Id.* at 5. Moreover, the Court determined that a longer amount of time would prejudice Defendants. *Id.*

Separately, the Court's order granting the motion to withdraw reminded Relator that, because of the *qui tam* nature of the case, "he must retain counsel and cannot proceed *pro se*." *Id.* at 5-6 (italics added) (citing *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)). The order further warned Relator that "[f]ailure of new counsel to enter an appearance by August 7, 2026, may be grounds for dismissal of the case for failure to prosecute." *Id.* at 6 (emphasis removed).

The August 7, 2026 deadline passed, and no new counsel had filed a notice of appearance on behalf of Relator; therefore, the Court issued an order to show cause on August 11, 2026. *See* [134] at 1-2. The order to show cause again reminded Plaintiff that he cannot proceed *pro se* in a FCA case on behalf of the government. *Id.* at 1. It also directed Relator to "show cause why this case should not be dismissed for failure to prosecute or for failure to comply with a court order." *Id.* at 1.

Relator then filed the OSC Response. *See generally* [DE 144]. In the OSC Response, Relator states that he "understands and does not contest that he may not prosecute this *qui tam* action without counsel." *Id.* at 1 (citing *Timson*, 518 F.3d at 873-74). The OSC Response then details the efforts Relator has made to obtain new counsel. *See id.* at 1-3. In an attached declaration, Relator avers that he has been actively searching for someone to represent him since around the

beginning of June 2026 (or around eleven weeks). [DE 144] 6-7. Indeed, Relator avers that he has contacted thirty-two law firms or attorneys, pursuing various avenues and referrals. *See id.* at 7-12. Despite these efforts, no firm has agreed to represent Relator, he does not have any pending inquiries, and he has exhausted his search for new counsel. *Id.* at 8. Relator states, "I am not aware of any further avenue available to me." *Id.* at 10. Relator also insists that he has not delayed seeking counsel or been indifferent to the Court's orders. *See id.* at 11.

## ANALYSIS

The OSC Response demonstrates that Relator has not deliberately disregarded orders from the Court and has endeavored to obtain counsel to prosecute his case. Nevertheless, it also shows that he is unrepresented by counsel and no longer appears to be looking for new counsel. Relator is thus *pro se*.

As Relator acknowledges, however, a *pro se* relator cannot maintain a *qui tam* suit under the FCA. *See Timson,* 518 F.3d at 873-74. Indeed, the Court cannot permit the action to proceed with a *pro se* relator because the Court lacks subject-matter jurisdiction. *See id.*; *Deutsche Bank Nat. Tr. Co. v. Holyfield*, 309 F. App'x 331, 333 (11th Cir. 2009) ("If a person brings a *qui tam* claim based on the FCA, and he or she proceeds *pro se*, the district court will lack subject matter jurisdiction over the claim."); *Taylor v. Multiplan Network*, 817 F. App'x 947, 947 (11th Cir. 2020) ("Because *Timson* holds that a district court lacks subject-matter jurisdiction if a *qui tam* claim under the False Claims Act is brought by a *pro se* relator, and because the Taylors did not retain counsel, the district court correctly dismissed their *qui tam* claims."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Other district courts in the Eleventh Circuit have reached the same conclusion on similar facts. *See Riley v. Embry-Riddle Aeronautical Univ., Inc.*, No. 608CV1401ORL18GJK, 2010 WL 11626622, at *2 (M.D. Fla. Apr. 19, 2010) (dismissing FCA action without prejudice for lack of subject-matter jurisdiction where government declined to intervene, relator's counsel withdrew from representation, relator did not retain substitute counsel, and relator filed a motion *pro se*).

Although I conclude that the Court must dismiss the action due to its lack of subject-matter jurisdiction, the dismissal must be without prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984))); *Taylor*, 817 F. App'x at 947 (reversing district court's dismissal of *pro se* relator's *qui tam* suit under FCA with prejudice because dismissal for lack of subject-matter jurisdiction must be entered without prejudice); *see also McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1313 (11th Cir. 2021) ("The district court dismissed the plaintiffs' complaint with prejudice for lack of subject-matter jurisdiction. That was incorrect. If subject-matter jurisdiction does not exist, dismissal must be without prejudice.").

## CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE**. However, the Court should retain jurisdiction to decide Defendants' Motion for Sanctions, which seeks relief based in part on the Court's inherent powers. *See* [DE 140] at 12. "[A] district court may address a sanctions motion based on its inherent

powers . . . even if it lacks jurisdiction over the underlying case." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).[1]

On or before **August 24, 2026**, the parties shall file written objections, if any, with the Honorable Melissa Damian, United States District Judge. Any responses to objections shall be filed no later than **four days** after the objections. Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida, this 18th day of August 2026.

Jared Strauss

**Jared M. Strauss**
**United States Magistrate Judge**

---

[1] Although Defendants' motion for sanctions asks for dismissal of the action, the motion is not moot because it seeks additional relief beyond just dismissal. *See* [DE 140] at 21.