**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-62017-CIV-DAMIAN**

**UNITED STATES OF AMERICA**
***ex rel* MARK DOYLE**,

Plaintiff,

v.

**TRINITY HEALTH and**
**HOLY CROSS HOSPITAL, INC.**,

Defendants.
______________________________________/

**ORDER AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION [ECF NO. 145]**
**AND DISMISSING COMPLAINT**

**THIS CAUSE** is before this Court on Magistrate Judge Jared M. Strauss's Report and Recommendation ("Report") [ECF No. 145], entered on August 18, 2026.

THE COURT has considered the Report, Relator Mark Doyle's ("Doyle" or "Relator"), Response to Order to Show Cause ("Response") [ECF No. 144], the pertinent portions of the record, and the relevant authorities and is otherwise fully advised.

On October 28, 2024, Relator filed this *qui tam* action against Defendants, Trinity Health and Holy Cross Hospital, Inc. (collectively, "Defendants"), on behalf of the United States. [ECF No. 1]. The Complaint asserts four claims under the False Claims Act. *Id.* at 71–76. The United States subsequently declined to intervene, leaving Relator to litigate the action through counsel on the Government's behalf. [ECF No. 17 at 1–2].

As the parties approached the end of discovery, Relator's counsel moved to withdraw. [ECF No. 94]. Magistrate Judge Strauss initially denied the motion because the strained attorney-client relationship did not appear to warrant withdrawal. [ECF No. 105 at 1]. Approximately one month later, however, Relator's counsel filed a renewed motion to

withdraw based on a further deterioration of the attorney-client relationship. [ECF No. 120 at 3–6]. On July 8, 2026, Magistrate Judge Strauss granted the renewed motion in part after determining that the attorney-client relationship had become unworkable. [ECF No. 128 at 3].

In the July 8 Order, Magistrate Judge Strauss afforded Relator thirty days (until August 7, 2026) to retain substitute counsel. *Id.* at 5–6. The July 8 Order advised Relator that, because of the *qui tam* nature of this action, he was required to proceed through counsel and could not prosecute the action *pro se*. *Id.* (citing *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)). The July 8 Order also warned Relator that if substitute counsel did not enter an appearance by August 7, 2026, that failure could result in dismissal for failure to prosecute. *Id.* at 6.

No substitute counsel appeared by the August 7 deadline. Consequently, on August 11, 2026, Magistrate Judge Strauss entered an Order to Show Cause directing Relator to explain why this action should not be dismissed for failure to prosecute or failure to comply with a court order. [ECF No. 134 at 1–2]. Relator timely filed his Response on August 17, 2026. [ECF No. 144]. In the Response, Relator acknowledges that he may not prosecute this *qui tam* action without counsel and describes his unsuccessful efforts to retain substitute counsel, including contacting thirty-two law firms or attorneys. *Id.* at ¶¶8–15. Relator represents that he has exhausted the avenues available to him and does not indicate that additional time would enable him to obtain counsel. *Id*.

On August 18, 2026, Magistrate Judge Strauss issued the Report recommending that this action be dismissed without prejudice because a *pro se* relator cannot maintain a *qui tam* action under the False Claims Act, and, therefore, this Court lacks subject-matter jurisdiction. *See* ECF No. 145. The Report further recommends that this Court retain

jurisdiction to resolve Defendants' pending Motion for Sanctions [ECF No. 140], which seeks relief pursuant to this Court's inherent authority in addition to dismissal. [ECF No. 145 at 4–5 & n.1]. The Report advises the parties that any objections to the Report were required to be filed by August 24, 2026. *Id.* at 5. No objections were filed, and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Strauss's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Strauss's recommendation that Plaintiff's Complaint be dismissed without prejudice.

Accordingly, for the reasons set forth above and in the Report, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 145]** is **AFFIRMED AND ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.
2. The Complaint in this case **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**.
3. This Court **RETAINS JURISDICTION** solely to resolve Defendants' Motion for Sanctions **[ECF No. 140]**. The Motion for Sanctions remains referred to Magistrate Judge Strauss pursuant to this Court's August 17, 2026, Order **[ECF No. 143]**, and the deadlines governing that Motion remain in effect.
4. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 31st day of August, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Jared Strauss

Counsel of record
Mark Doyle, *pro se*
1905 North Ocean Ave
Unit 16-E
Fort Lauderdale, FL 33305